# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| MARK DOUGLAS BOATMAN, ) | Case No. 05-21333-TLM |
| M.E. Boatman, fdba Lewis-Clark ) | |
| Dairy, and ELLEN MARIE ) | MEMORANDUM OF |
| BOATMAN, M.E. Boatman, fdba ) | DECISION |
| Lewis-Clark Dairy, husband and ) | |
| wife, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |

## I.   BACKGROUND

Creditor[1] Ramon Smith, a.k.a. Grey Cloud ("Smith"), filed a *pro se* motion. *See* Doc. No. 36. He thereafter filed a "brief" in support of that motion. *See* Doc. No. 38.[2] Given the content and form of these pleadings, and because Doc. No. 38 suggests relief in addition to that sought in Doc. No. 36, the Court will treat them collectively as the "Motions."

---

[1] In prior proceedings in this chapter 7 case, the Court sustained Debtors' objections to Smith's asserted secured and priority unsecured claims, and held that he had a nonpriority unsecured claim in an unliquidated amount, based on certain litigation pending in state court. The Court also lifted the automatic stay of § 362(a) allowing Smith to proceed with such suit but only as against any available insurance coverage, and specifically prohibiting his pursuit of the Debtors or their property. *See* Doc. Nos. 26-29, 32-33. Even though his claim is unliquidated, Smith is still a creditor. *See* §§ 101(a)(5), (a)(10).

[2] After the motion, Doc. No. 36, was filed, the Court entered a scheduling order requiring a brief from Smith, and allowing for responsive briefs thereafter. *See* Doc. No. 37. Smith filed his brief. Doc. No. 38. Debtors filed a response. Doc. No. 39. While there is still time available for other parties to file briefs responding to Smith, the Court deems the matter sufficiently explained and presented, and will proceed to address and resolve it at this time.

MEMORANDUM OF DECISION - 1

In the Motions, Smith asks the Court to "prosecute" Mark and Ellen Boatman ("Debtors"), Debtors' attorney Ken Anderson ("Anderson") and Unigard Insurance Group ("Unigard") for perjury under 18 U.S.C. § 1621 and state law. Smith also asks this Court to disbar Anderson, revoke Unigard's license to sell insurance, and levy various fines and penalties, not to mention prison time, upon them all.

## II.     DISCUSSION

### A.     Motion to "prosecute" for perjury

Smith provides no authority, and no cogent argument for the proposition that this Court may "prosecute" anyone for perjury. Courts do not prosecute, they adjudicate disputes. Prosecution of suspected crimes is a function of the state or federal prosecutors. The request to this Court is fundamentally misplaced and flawed.

This Court does have the ability to make a "report" to the United States Attorney if it has "reasonable grounds for believing" someone committed a violation of chapter 9 of Title 18, U.S.C. or other laws of the United States relating to insolvent debtors. 18 U.S.C. § 3057(a). However, Smith's mere allegations do not give this Court "reasonable grounds" to believe Debtors, Anderson, or Unigard have violated those referenced provisions of federal law.

Smith's Motions asking this Court to "prosecute" will be denied, and any implicit request that the Court make a report or referral will also be denied.

MEMORANDUM OF DECISION - 2

### B. Motion to disbar Anderson

The power to remove, suspend or reprimand an attorney is vested in Idaho's Supreme Court and its district courts. *See* Idaho Code §§ 3-301, 3-408. This Bankruptcy Court cannot "disbar" Anderson from practicing law in the State of Idaho. Smith's Motions seeking such relief must be denied.

Federal courts, including this Bankruptcy Court, do have their own rules and procedures regulating the conduct of lawyers admitted as members of the federal bar, independent of the state court system. *See, e.g.,* L.B.R. 9010.1. After reviewing Smith's Motions and the record in light of this authority, the Court concludes there is no cause or justification for any further hearing, much less any relief, under the local rules governing attorney conduct. Smith's Motions will also be denied in this regard.

### C. Motion to revoke Unigard's license to sell insurance

The regulation of the "business of insurance" is subject to the laws of the several states, including Idaho. 15 U.S.C. §§ 1012(a), 1015. As such, "[n]o Act of Congress shall be construed to invalidate, impair, or supercede any law enacted by any State for the purpose of regulating the business of insurance. . . unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b). The phrase "business of insurance" includes the licensing of companies and their agents. *SEC v. Nat'l Sec., Inc.*, 393 U.S. 453, 460 (1969).

Congress has not empowered this Court to revoke Unigard's license to sell

MEMORANDUM OF DECISION - 3

insurance in Idaho or anywhere else. The State of Idaho grants no such authority to this Court either. Smith's Motions asking for such relief will be denied.

### D. Other requests

The balance of Smith's Motions have been reviewed and evaluated, in large part to determine what (if any) other relief is sought. These pleadings are hard to follow, but do not appear to ask for any relief other than that noted above. To the extent Smith intended by the Motions to seek other relief, the Court finds the pleadings are inadequate, legally or factually, to support action by the Court. Smith's Motions will therefore be denied in all aspects.

### III. CONCLUSION

Based on the foregoing, Smith's Motions, Doc. Nos. 36 and 38, will be denied in their entirety. An appropriate order will be entered.

DATED: May 11, 2006



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

CERTIFICATE RE: SERVICE

     A "notice of entry" of this Decision and Order has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision and Order has also been provided to non-registered participants by first class mail addressed to:

John J. Burke
Hall, Farley, Oberrecht & Blanton, PA
P.O. Box 1271
Boise, ID 83701

Ramon Smith (Grey Cloud) #53231
IMSI B-68
P.O. Box 51
Boise, ID 83707

Case No. 05-21333-TLM

Dated: May 11, 2006


/s/
_____
Suzanne Hickok
Senior Law Clerk, Chief Judge Terry L. Myers

MEMORANDUM OF DECISION - 5